**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JERELL M. CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY TRAINING SCHOOL FOR BOYS; JAMESBURG SUPERVISING OFFICER JOHN DOE; OFFICER RAY OR JOHN DOE,<br><br>Defendants. | No.: 24-10653 (GC) (RLS)<br><br>**OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Plaintiff Jerell M. Christopher's pro se civil rights Complaint (ECF No. 1), filed on November 5, 2024. On January 23, 2025, the Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.) The Complaint is now before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice as time-barred on the face of the pleading.

## I. BACKGROUND

At the time Plaintiff filed this action, he represented that he had been confined at the Hudson County Correctional Center in Kearny, New Jersey since July 20, 2024. (ECF No. 1 at 1–2; ECF No. 1-1 at 2.) The Court's independent review of the Federal Bureau of Prisons inmate

locator reflects that Plaintiff was released from federal custody on February 11, 2019. A subsequent search of New Jersey records by Plaintiff's name and SBI number yielded no record of current confinement. Plaintiff's present custodial status is accordingly uncertain, though the Court need not resolve that question for purposes of this screening.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against three defendants: (1) the New Jersey Training School for Boys, also known as the Jamesburg facility ("NJTS"); (2) a supervisory officer identified only as John Doe ("Doe Supervisor"); and (3) a correctional officer identified as "Ray" or John Doe ("Officer Ray Doe"), who Plaintiff alleges directly committed the assault. (*Id.* at 4.) Plaintiff does not check either the § 1983 or Bivens boxes on the form complaint, instead writing "Sexual [A]ssault [A]ct" as his jurisdictional basis. (*Id.* at 2.) The Court construes the Complaint liberally as asserting claims under § 1983. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

The following facts are drawn from the Complaint and accepted as true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). "[O]n or about 2004," Plaintiff was housed at NJTS on Unit 6 (intake) in Jamesburg, New Jersey. (ECF No. 1 at 5.) He alleges that Officer Ray Doe entered his room, grabbed his buttocks, and pushed Plaintiff's hand onto the officer's genitals. (*Id.*) The officer then pushed Plaintiff out of the cell and onto the shower deck. (*Id.* at 5–6.) When Plaintiff was the last person remaining in the shower unit, the officer entered, exposed himself, and masturbated until ejaculating on the shower floor. (*Id.* at 6.) The officer then threatened Plaintiff that if he disclosed what had happened, the officer would "get [his] ass whooped by his boys." (*Id.*) Plaintiff alleges that as a result he "assaulted [an] [i]nmate to get out of the [j]ail." (*Id.*)

Plaintiff further alleges that NJTS and the Doe Supervisor "[are] supposed to protect young [i]nmates from [s]exual [a]ssault against it's [sic] [s]taff and other young [i]nmates" and that "[i]t's the duty of all [d]efendants to protect and screen all young [i]nmates from sexual assaults." (ECF No. 1 at 6.) He seeks $100,000 in compensatory damages for pain and anguish, $10,000 in punitive damages, and mandatory sexual assault training for all officers at NJTS. (*Id.* at 6–7.)

On the question of administrative exhaustion, Plaintiff checked "No" and explained that he "didn't really understand at the [t]iming of the [i]ncident[;] [p]laintiff was in [m]ental [p]ain and [a]nguish all his life." (ECF No. 1 at 5.)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review complaints filed by prisoners proceeding *in forma pauperis* and must *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Section 1915A applies specifically to complaints filed by prisoners; section 1915(e)(2)(B) applies to any litigant proceeding *in forma pauperis*, regardless of custodial status. Because Plaintiff's current custodial status cannot be confirmed from the available record, the Court proceeds under § 1915(e)(2)(B), which independently requires screening and authorizes dismissal on the same grounds. The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint survives dismissal if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The Court accepts all well-pleaded facts as true, draws all reasonable inferences in the

plaintiff's favor, and reads the complaint liberally. *Shorter*, 12 F.4th at 374. Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

A complaint may also be dismissed as frivolous—and thus for failure to state a claim—where it is apparent from the face of the pleading that the applicable statute of limitations has run. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *see also Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (affirming *sua sponte* dismissal of time-barred complaint at § 1915(e)(2)(B) screening).

## III. <u>DISCUSSION</u>

The Complaint raises claims arising from an alleged sexual assault that Plaintiff contends occurred while he was housed at NJTS in 2004. The Court addresses the statute of limitations, considers each potentially applicable tolling doctrine, and concludes that the Complaint is time-barred on its face.

### A. Applicable Legal Framework

Although Plaintiff does not explicitly invoke 42 U.S.C. § 1983, the Complaint challenges conduct by state actors—a correctional officer and a supervisory officer at a state juvenile detention facility, as well as the facility itself—and alleges constitutional violations arising from sexual abuse and a failure to protect. Section 1983 is the appropriate vehicle for such claims. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes the Complaint as asserting § 1983 claims.

To the extent the Complaint might be read as arising under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. § 30301 *et seq.*, that statute does not create a private right of action. *See*

*Atkinson v. Taylor*, No. 21-1965, 2022 WL 2073679, at *2 (3d Cir. June 9, 2022) (per curiam). The Court therefore proceeds under § 1983 only.

**B. Statute of Limitations**

The statute of limitations presents a dispositive problem apparent on the face of the Complaint. Section 1983 does not supply its own limitations period; courts borrow the forum state's personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). In New Jersey, that period is two years. N.J. Stat. Ann. § 2A:14-2(a); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). A § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the § 1983 action." *Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013) (internal quotation marks omitted).

Plaintiff alleges that the events giving rise to his claims occurred "on or about 2004." (ECF No. 1 at 5.) He was plainly aware of the alleged assault at the time it occurred—the Complaint describes the officer threatening him immediately afterward not to report it. (*Id.* at 6.) Absent tolling, Plaintiff's two-year limitations period expired around 2006. He did not file this action until November 5, 2024—approximately twenty years after the alleged events. The Complaint is therefore facially time-barred.

**C. Tolling**

Federal courts apply the forum state's tolling rules to § 1983 claims, unless those rules are inconsistent with federal law. *Wallace*, 549 U.S. at 394. The Court considers each potentially applicable tolling doctrine in turn.

First, New Jersey tolls the limitations period for minors. N.J. Stat. Ann. § 2A:14-21. A minor's statute of limitations period does not begin to run until he or she reaches majority at age

18. The Complaint does not disclose Plaintiff's date of birth, but the Court's independent review of the Federal Bureau of Prisons inmate locator—which reflects that Plaintiff was released from federal custody on February 11, 2019—establishes that Plaintiff is presently 38 years of age. He was therefore approximately 17 or 18 years old at the time of the alleged 2004 assault, meaning he was at or near the age of majority when the events occurred. Even assuming minority tolling extended the limitations period by one year, it would have expired no later than 2007. Plaintiff filed this action in November 2024—more than seventeen years later. Thus, minority tolling provides no meaningful relief.

Second, New Jersey recognizes equitable tolling where a plaintiff has been induced or tricked into allowing the deadline to pass, or where extraordinary circumstances prevented timely filing. *Tevis v. Tevis*, 79 N.J. 422, 432 (1979); *Freeman v. State*, 347 N.J. Super. 11, 31 (App. Div. 2002). The Court does not lightly set aside the possibility that the conduct alleged here—a staff sexual assault against a juvenile detainee, followed by an explicit threat of retaliation if Plaintiff disclosed what had occurred—could, if adequately developed, support a claim of coercion-based or fraudulent-concealment equitable tolling. A threat of that nature, directed at a minor in custody, may well have operated to suppress Plaintiff's ability to seek legal redress for some period of time, and such circumstances are precisely the kind that equitable tolling is designed to address. *See Lake v. Arnold*, 232 F.3d 360, 370–71 (3d Cir. 2000). The difficulty, however, is one of duration. Equitable tolling requires not only that extraordinary circumstances existed, but that the plaintiff exercised reasonable diligence in pursuing his rights once those circumstances no longer prevented him from doing so. *Id.* The Complaint offers no account of when the effect of the threat dissipated, what steps Plaintiff took thereafter, or why—even accepting that fear and trauma delayed his initial efforts—he was unable to file suit in the approximately twenty years that elapsed between the

alleged assault and the filing of this action. On the Complaint as presently pleaded, equitable tolling cannot bridge the full period of delay.

Third, New Jersey tolls the limitations period for plaintiffs who suffer from a legal disability—including a qualifying mental incapacity—that prevents the filing of suit. N.J. Stat. Ann. § 2A:14-21. General assertions of pain and anguish do not establish the mental incapacity contemplated by that provision. *See Cordero v. Froats*, No. 13-4692, 2014 WL 265665, at *3 (D.N.J. Jan. 23, 2014). Plaintiff alleges no diagnosed condition or period of legal incapacity sufficient to account for the full duration of the delay.

Fourth, the Court considers New Jersey's Child Sexual Abuse Act ("CSAA"), P.L. 2019, c.120, which enacted two provisions potentially relevant to childhood sexual abuse claims: a prospective extended limitations period under N.J. Stat. Ann. § 2A:14-2a, and a retroactive two-year revival window for previously time-barred claims under N.J. Stat. Ann. § 2A:14-2b. Neither provision is available to a plaintiff asserting a § 1983 constitutional tort claim.

The Third Circuit recently held that federal courts adjudicating § 1983 claims borrow only those state tolling and revival rules that apply "across the board to personal injury torts." *Fisher v. Hollingsworth*, 115 F.4th 197, 211–12 (3d Cir. 2024). Tort-specific tolling and revival rules—those that apply only to a subset of personal injury torts rather than to all personal injury actions generally—cannot be incorporated into § 1983 timeliness analysis. *Id.* This rule harmonizes the Supreme Court's instruction in *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), to borrow the "general or residual" personal injury limitations period, with its instruction in *Hardin v. Straub*, 490 U.S. 536, 539 (1989), to borrow "coordinate" tolling and revival provisions: a provision is coordinate with the general limitations period only when it applies to all personal injury torts generally, not merely to a specific category. *Fisher*, 115 F.4th at 211–12.

Both CSAA provisions are tort specific. Section 2A:14-2a's extended limitations period and § 2A:14-2b's revival window applies exclusively to "action[s] at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . , or sexual abuse." N.J. Stat. Ann. §§ 2A:14-2a(a)(1), 2A:14-2b(a). They do not apply to personal injury actions generally. In *Fisher*, the Third Circuit applied this analysis directly to § 2A:14-2b—the same provision at issue here—and held that it "is not 'coordinate' or 'interrelated' with the general personal injury statute of limitations" and therefore cannot apply to render a constitutional tort claim timely. 115 F.4th at 212. Because § 2A:14-2a is equally limited in scope to sexual offense claims, the same reasoning forecloses it. *Id.* Neither CSAA provision may be borrowed to extend or revive Plaintiff's § 1983 claims.

Accordingly, with no tolling doctrine apparent from the Complaint—minority tolling, equitable tolling, or mental disability tolling—Plaintiff cannot overcome the statute of limitations bar. The CSAA's specialized provisions, being tort-specific, are categorically unavailable to revive a § 1983 constitutional tort claim under binding Third Circuit precedent. *Fisher*, 115 F.4th at 211–12.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may file an amended complaint within forty-five (45) days of the date of this Order. An appropriate Order follows.

Dated: August 17, 2026

[signature]

GEORGETTE CASTNER, U.S.D.J.